| | |
|---|---|
| 1 | **QUILL & ARROW, LLP** |
| 2 | Kevin Y. Jacobson (SBN 320532) |
|   | kjacobson@quillarrowlaw.com |
| 3 | Gregory Sogoyan, Esq. (SBN 316832) |
|   | e-service@quillarrowlaw.com |
| 4 | 10900 Wilshire Boulevard, Suite 300 |
| 5 | Los Angeles, CA 90024 |
|   | Telephone:  (310) 933-4271 |
| 6 | Facsimile:  (310) 889-0645 |

Attorneys for Plaintiffs,
**INEZ NAVARRO
AND ROBERTO EMILIO NAVARRO**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INEZ NAVARRO, an individual, and ROBERTO EMILIO NAVARRO, an individual, | Case No.: |
| | **COMPLAINT** |
| Plaintiffs, | |
| vs. | 1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY** |
| MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, | 2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY** |
| Defendants. | |

COMPLAINT

Plaintiffs, INEZ NAVARRO, an individual, and ROBERTO EMILIO NAVARRO, an individual ("Plaintiffs"), allege as follows against Defendant, MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company ("MERCEDES-BENZ USA, LLC") on information and belief, formed after a reasonable inquiry under the circumstances:

**INTRODUCTION**

1. These causes of action arise out of the warranty obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that was purchased by Plaintiffs and for which MERCEDES-BENZ USA, LLC issued a written warranty.

2. On August 15, 2022, Plaintiffs purchased a 2019 Mercedes-Benz A220W, having VIN No. WDD3G4EB4KW017223 ("the Subject Vehicle"). Pursuant to Section 1793.22, subdivision (e) (2), of the California Civil Code, the Subject Vehicle was a Certified Pre-owned purchased as a CPO vehicle with an accompanying MERCEDES-BENZ USA, LLC'S new and full CPO warranty, and therefore constitutes a "new motor vehicle" vehicle under the Song-Beverly Consumer Warranty Act (hereinafter "the Act").

3. These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiffs purchased and for which MERCEDES-BENZ USA, LLC issued a full and enforceable written warranty. The warranty was not issued by the selling dealership.

4. MERCEDES-BENZ USA, LLC warranted the Subject Vehicle and agreed to preserve or maintain the utility or performance of Plaintiffs' vehicle or to provide compensation if there was a failure in such utility or performance. In connection with the purchase, Plaintiffs received various warranties, inter alia, a 4-years/50,000 miles express bumper to bumper warranty and a 4-years/50,000 miles of limited powertrain warranty which, inter alia, covers the engine and the transmission, as well as various emissions warranties that exceed the time and mileage limitations of the bumper to bumper and powertrain warranties. Moreover,

the MERCEDES-BENZ USA, LLC CPO written warranty issued to Plaintiffs, provides 1 year/unlimited mileage of extended coverage after the new vehicle warranty expires.

5. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, electrical, structural, engine, and transmission system defects.

6. These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiffs purchased and for which MERCEDES-BENZ USA, LLC issued a full and enforceable written warranty. The warranty was not issued by the selling dealership.

7. Plaintiffs hereby revoke acceptance of the Sale Contract.

8. Pursuant to the Act, Civil Code sections 1790 et seq., the Subject Vehicle constitutes a "consumer good" used primarily for family or household purposes, and Plaintiffs has used the vehicle primarily for those purposes.

9. Plaintiffs are "buyers" of consumer goods under the Act.

10. Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

11. Plaintiffs hereby demand trial by jury in this action.

**PLAINTIFF'S REPAIR HISTORY OF THE SUBJECT VEHICLE**

12. The following is a summary of some pertinent portions of the repair visits for the Subject Vehicle.

13. On August 16, 2022, with approximately 27,289 miles on the odometer, Plaintiffs presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Temecula, and reported an inoperable sunroof. Upon inspection, Defendant's authorized technician found the roller blind binding to the headliner, causing Plaintiffs' concerns. To address Plaintiffs' concerns, Defendant's technician replaced the roller blind and adjusted the panoramic roof. After the repairs,

Defendant's technician represented the Subject Vehicle to Plaintiffs as operating as designed. Plaintiffs additionally reported of the left and right front windows rattling upon use. Defendant's technician verified Plaintiffs' concerns and found fault code B192015, indicating an issue with fault regulator. After testing the voltage of the window motors, Defendant's technician proceeded to install new window motors. The repairs had resolved Plaintiff's concerns, according to Defendant's technician. Despite the alleged repairs, Plaintiff's complaint regarding the structural defect has continued to plague the Subject Vehicle. The inspection and repair were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately two (2) days during this repair attempt.

14. On August 22, 2022, with approximately 27,911 miles on the odometer, Plaintiffs presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Temecula, and reported an abnormally loud noise when the Air Conditioning ("A/C") fan is running. Defendant's authorized technician verified Plaintiffs' concerns, and isolated the issue to an off balance A/C motor blower, resulting in the necessity of a replacement. Plaintiffs also reported broken glass inside the driver's door panel. Defendant's technician proceeded to remove the driver's and passenger's door assemblies and removed the broken glass. After reassembling the driver's and passenger's doors, Defendant's technician stated that the repairs were completed. Despite the alleged repairs, Plaintiff's complaint regarding the structural defect has continued to plague the Subject Vehicle. The inspection and repair were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately two (2) days during this repair attempt.

15. On September 8, 2022, with approximately 29,518 miles on the odometer, Plaintiffs presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Temecula, and reported of the Subject Vehicle jerking upon accelerating from a stop. Referencing LI 01.30-P-072328, Defendant's

authorized technician verified Plaintiffs' concerns and claimed to have found the Check Engine light illuminated. Upon further inspection, Defendant's technician pulled fault codes P030485 and P030085, indicating that the engine was misfiring. Subsequently, a cylinder leak down test uncovered a 30% leakage of cylinder 4. Defendant's technician proceeded to replace the cylinder head and cleared all fault codes. According to Defendant's technician, the Subject Vehicle had been repaired. Plaintiffs additionally complained of the Eco Stop/Start system malfunctioning. Defendant's technician claimed to have found that the Battery Warning light was illuminated. Defendant's technician found fault code B1AF4500, indicating excessive resistance in the starter battery. To address the battery defect, Defendant's technician proceeded to replace the battery and cleared all codes. Once the replacement was completed, Defendant's technician represented to Plaintiff that the Subject Vehicle was now operating as intended. Despite the alleged determination that all features were functioning as intended, Plaintiff's concerns have continued to plague the Subject Vehicle. The inspection and repair were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately seven (7) days during this repair attempt.

16. On September 27, 2022, with approximately 30,242 miles on the odometer, Plaintiffs presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Temecula, and reported, *for the second time,* that the Subject Vehicle was struggling to accelerate from a stop. Defendant's authorized technician performed a road test and was unable to duplicate Plaintiffs' concerns. The Subject Vehicle was represented to Plaintiff as operating as designed, according to Defendant's technician. Despite the alleged determination that all features were functioning as intended, Plaintiff's concerns have continued to plague the Subject Vehicle. The inspection and repair were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately seven (7) days during this repair attempt.

17. None of the aforementioned repair attempts successfully repaired the Subject Vehicle, including the ongoing engine, electrical, structural, emission, and suspension system defects.

18. Thereafter, Plaintiff continued to experience symptoms of the various defects despite Defendant's representation that the Subject Vehicle was repaired.

19. Prior to filing this lawsuit, Plaintiff contacted Defendant seeking relief pursuant to the Song-Beverly Consumer Warranty Act, after Defendant failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts. Defendant failed to repurchase the Subject Vehicle, forcing Plaintiff to file the instant lawsuit.

## JURISDICTION AND VENUE

20. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.,* because the amount of recovery sought by Plaintiffs exceed the jurisdictional amount of $75,000.00, and there is complete diversity among the parties.

21. The Subject Vehicle, as reflected in the Sale Contract, has an approximate value of $47,268.66. Pursuant to the Song-Beverly Act, Plaintiffs are seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiffs seek in the approximate amount of $141,805.98. Plaintiffs are also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiffs' claims meet the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

22. Complete diversity exists as Plaintiffs, INEZ NAVARRO and ROBERTO EMILIO NAVARRO, are citizens of the State of California.

23. With respect to Defendant, MERCEDES-BENZ USA, LLC, the citizenship of a limited liability company for diversity jurisdiction purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006);

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Moreover, a member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code § 17701.02, subd. (p.); 6 Del. Code § 18-101, subd. (13); 6 Del. Code §§ 18-301 et seq.

24. Defendant, MERCEDES-BENZ USA, LLC, is a Delaware Limited Liability Company operating and doing business in the State of California. As reflected in Defendant's Statement of Information filed with the California Secretary of State, none of the individual members listed therein are citizens of the state of California. Rather, the Statement of Information expressly indicates a Georgia address for each listed member. Accordingly, the members of MERECEDES-BENZ USA, LLC are citizens of the state of Georgia and not California, as reflected in Section D of the Statement of Information, filed by Defendant on April 19, 2022. A true and correct copy of Defendant, Mercedes-Benz USA, LLC's Statement of Information is attached herewith as **Exhibit A**.

25. As such, none of Defendant's members, as a limited liability company, are citizens of the state of California. Accordingly, there is complete diversity among the parties under 28 U.S.C. § 1332. (a) (1), as Plaintiffs have alleged sufficient facts to establish subject matter jurisdiction.[1]

26. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this court because the Subject Vehicle was purchased at Mercedes-Benz of Temecula, a MERCEDES-BENZ USA, LLC authorized dealership and repair facility, located at 40910 Temecula Center Dr., Temecula, CA 92591.

27. Venue is also proper, as Plaintiffs, INEZ NAVARRO and ROBERTO

---

[1] The Federal Rules are designed to minimize disputes over pleading technicalities. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009). A complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, at 555 (2007); see *Starr v. Baca,* 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)). In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 US 89, 94 (2007) (emphasis added); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008*); accord Proft v. Raoul*, 944 F3d 686, 690 (7th Cir. 2019).

1  EMILIO NAVARRO, are individuals residing in the city of Moreno Valley, State of
2  California.

3     28. Venue is also proper, as Defendant, MERCEDES-BENZ USA, LLC, is
4  and was a Delaware Limited Liability Company operating and doing business in the
5  State of California

6     29. All acts of corporate employees as alleged were authorized or ratified
7  by an officer, director, or managing agent of the corporate employer.

8     30. Each Defendant, whether actually or fictitiously named herein, was the
9  principal, agent (actual or ostensible), or employee of each other Defendant, and in
10 acting as such principal or within the course and scope of such employment or
11 agency, took some part in the acts and omissions hereinafter set forth by reason of
12 which each Defendant is liable to Plaintiffs for the relief prayed for herein.

## DEMAND FOR JURY TRIAL

14     31. Plaintiffs, INEZ NAVARRO and ROBERTO EMILIO NAVARRO,
15 hereby demand a trial by jury in this action.

## FIRST CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Express Warranty**

18     32. Plaintiffs incorporate herein by reference each and every allegation
19 contained in the preceding and succeeding paragraphs as though herein fully restated
20 and re-alleged.

21     33. These causes of action arise out of warranty and repair obligations of
22 MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiffs
23 purchased and for which MERCEDES-BENZ USA, LLC issued a written warranty.
24 The warranty was not issued by the selling dealership.

25     34. The Subject Vehicle was delivered to Plaintiffs with serious defects and
26 nonconformities to warranty and developed other serious defects and
27 nonconformities to warranty including, but not limited to, electrical, structural,
28 engine, and transmission system defects system defects.

35. Pursuant to the Song-Beverly Consumer Warranty Act (herein-after "the Act") Civil Code sections 1790 *et seq.* the vehicle constitutes a "consumer good" used primarily for family or household purposes, and Plaintiffs has used the Subject Vehicle primarily for those purposes.

36. Plaintiffs are the "buyers" of consumer goods under the Act.

37. Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

38. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

39. Plaintiffs delivered the Subject Vehicle to an authorized MERCEDES-BENZ USA, LLC repair facility for repair of the nonconformities.

40. Defendant was unable to conform the Subject Vehicle to the applicable express warranty after a reasonable number of repair attempts.

41. Notwithstanding Plaintiffs' entitlement, Defendant MERCEDES-BENZ USA, LLC has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

42. By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

43. Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the Subject Vehicle less that amount directly attributable to use by the Plaintiffs prior to the first presentation of the nonconformities.

44. Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

45. Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including

attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

46. Because Defendant willfully violated the Song-Beverly Act, Plaintiffs is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for MERCEDES-BENZ USA, LLC's willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Implied Warranty**

47. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

48. MERCEDES-BENZ USA, LLC and its authorized dealership at which Plaintiffs purchased the Subject Vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the Subject Vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

49. Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

50. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

51. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

52. The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

53. The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold with one or more defective vehicle systems/components which manifested as electrical, structural, engine, and transmission system defects system defects.

54. Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

55. Plaintiffs are entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*.

56. Plaintiffs hereby revoke acceptance of the Subject Vehicle.

57. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

58. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

59. Plaintiffs are entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq*.

///
///
///
///
///
///
///

**PRAYER FOR RELIEF**

1. For general, special, and actual damages according to proof at trial;
2. For recission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiffs' actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorneys' fees and costs of suit; and
8. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: January 11, 2023

                                QUILL & ARROW, LLP

                                */s/ Kevin Y. Jacobson*
                                Kevin Y. Jacobson, Esq.
                                Gregory Sogoyan, Esq.
                                Attorneys for Plaintiffs,
                                **INEZ NAVARRO**
                                **ROBERTO EMILIO NAVARRO**